UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHRISTIAN LILLY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00184-DBH |
| | ) |
| MAINE MARITIME ACADEMY, | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

Plaintiff Christian Lilly has refused to comply with the most basic of court directives during the discovery phase of this litigation. Initially Lilly was represented by competent counsel who moved to withdraw because his services had been terminated. (Motion to Withdraw, ECF No. 6.) I scheduled a telephone conference on November 2, 2012, that was attended by the withdrawing attorney, plaintiff, pro se, and counsel for the defendant. Lilly made it clear to me that he wished to proceed pro se and understood that he would be responsible for meeting all deadlines and complying with the rules of civil procedure, including responding to the various discovery initiatives undertaken by the defendant, which included a pending deposition of plaintiff. Lilly provided the court with an address and telephone number in Castine, Maine.

In January 2013, counsel for the defendant contacted the court regarding a discovery dispute and I set a telephonic conference for January 31, 2013, to address those issues. As a courtesy to the plaintiff, defense counsel provided the court with an e-mail address he used to contact the plaintiff and I provided notice of the conference via e-mail as well as via U.S. mail to the only address the plaintiff ever provided to the court. (ECF No. 13.) Apparently the plaintiff

does not reside at the Castine address during the school year and therefore it is difficult to reach him through the address he chose to provide to us. However, he has never provided the court with a better address. Furthermore, it appears that he has received the various motions and orders that have been issued since the January 31, 2013, telephone conference. Lilly has not communicated directly with the court since the telephone conference.

On February 21, 2013, counsel for the defendant notified the court of ongoing problems with Lilly's responses that I had ordered on January 31 to be provided by February 14, 2013. I gave the defendant leave to file a motion to compel, requesting sanctions, and I shortened the briefing schedule in regard to the motion because of a looming discovery deadline. (ECF No. 16.) Defendant's counsel filed the motion but the plaintiff never responded. On March 6, 2013, I entered an order granting the motion to compel and imposed certain sanctions pertaining to the exclusion of evidence, including the exclusion of expert testimony. I also ordered that as to lay fact witnesses whom the plaintiff had identified by name, but had failed to provide any information regarding the substance of their testimony, affidavits of their testimony should be provided to defense counsel. (ECF No.18.) In the interim the discovery schedule was adjusted to allow for the completion of depositions should defense counsel determine that any of the identified witnesses needs to be deposed.

On March 20, 2013, defendant's counsel filed a motion requesting the sanction of dismissal because plaintiff has still failed to provide any information regarding the lay fact witnesses other than their names. (ECF No. 19.) The plaintiff has never filed a response to that motion with the court, although apparently he served a response on the defendant's counsel who has included the response with a reply that has been docketed. (ECF No. 22.) The plaintiff's response provides no additional information about the lay fact witnesses and appears to simply

reiterate his position that he has no obligation to make disclosure of information pertaining to his expert in the face of a clear order from me that his failure to do so has resulted in the exclusion of that witness's testimony.  (ECF No. 22-1.)

## Discussion

Imposing the sanction of dismissal of a plaintiff's complaint under Federal Rule of Civil Procedure 37(b)(2)(A)(v) for failure to comply with a court order is an extraordinary remedy and not one which I would normally recommend.  In fourteen years as a magistrate judge in this court, after handling over one hundred cases involving unrepresented litigants, I do not believe I have ever recommended such a drastic sanction in a case involving a pro se litigant.

Christian Lilly presents an extremely rare case.  He is obviously of reasonable intelligence and should understand the reasons why he has an obligation to respond to discovery requests and court orders.  He also has the ability to respond properly; he is literate and has computer access.  I carefully explained his discovery obligations during the two telephone conferences I have held with him in attendance.  The defendant's requests, especially as narrowed and clarified by me during our telephone conferences and in my prior orders, have not been onerous.  In fact, Lilly is being asked to do simple things that are required of every litigant who brings a lawsuit, like sign his discovery responses under oath or under penalty of perjury pursuant to the statutory alternative to an oath.  (See Motion for Sanction of Dismissal at 2, ECF No. 19 ("[p]laintiff's responses . . . were not signed and dated under oath.").)  Even in cases of prisoner litigation, often involving illiterate plaintiffs without access to computers or basic legal materials, this requirement does not normally create a problem for the plaintiff.  Lilly's callous disregard for the court process is perhaps most easily demonstrated with this one example of his open defiance of the court's orders.  I carefully explained to him during the discovery conference

why a plaintiff is required to submit his answer under oath or signed under penalty of perjury. Plaintiff's attitude has been that he does not have to do anything required by the civil rules or by my discovery orders and that all will be revealed when he gets his day in court before a jury. Nor does Lilly believe he has to appeal my orders if he thinks they are incorrect. Lilly thinks he is entitled to proceed with his case in a laissez faire manner. His disregard of discovery obligations has resulted in a case with an original discovery deadline of November 26, 2012, being extended numerous times with still no prospect of closure. The defendant has invested a great deal of time and money in attempting to complete the discovery in this case.

The First Circuit Court of Appeals has recognized that once a litigant has been given fair warning about the likelihood that his case might be dismissed, the court may impose that extreme sanction in rare instances. <u>HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.</u>, 847 F.2d 908, 918 (1st Cir. 1988) ("[T]he law is well established in this circuit that where a noncompliant litigant has manifested a disregard for orders of the court and been suitably forewarned of the consequences of continued intransigence, a trial judge need not first exhaust milder sanctions before resorting to dismissal."); <u>accord</u> <u>Chamorro v. Puerto Rican Cars, Inc.</u>, 304 F.3d 1, 4 (1st Cir. 2002). In my view Lilly already has been forewarned and this recommendation provides further warning that his continued intransigence will have dire consequences, including possible dismissal of his case. Whether he has accepted my ruling or not, I have previously ordered that the evidence he can present at summary judgment or trial is severely circumscribed to his own testimony, a handful of documentary exhibits and the testimony of a couple of fact witnesses. I now further order that in the event the court rejects my recommendation that this matter be dismissed, Lilly is further barred from presenting the testimony of his lay fact witnesses identified in my prior order.

Finally, I recommend that after reviewing the entire record, including any objection to this recommendation filed by Lilly, that the court dismiss this case with prejudice. My conclusion is that Lilly has delayed the case for long enough and to date has not shown any cause for his failure to comply with what I consider to have been straightforward orders related to discovery matters. Of course, if Lilly makes a showing in response to this recommendation that explains his conduct to the court's satisfaction, then the matter will proceed to disposition on motion or at trial. However, my orders limit the evidence plaintiff may present. First he is previously allowed only the limited documentary evidence I described in my order on the motion to compel. The time period for objection to that order has expired. I now further limit his presentation to his own testimony and the agent witnesses for Maine Maritime he previously identified in discovery responses. The lay fact witnesses identified in my prior order are excluded from testifying on behalf of the plaintiff even if the court rejects my recommendation regarding dismissal. This order excluding witnesses is appealable only pursuant to Rule 72(a) of the Federal Rules of Civil Procedure on the grounds that it is clearly erroneous or is contrary to law. My recommendation of dismissal, of course, is subject to de novo review.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 16, 2013                     /s/ Margaret J. Kravchuk
                                   U.S. Magistrate Judge